IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL WAYNE DAVIS,

    Petitioner,

    v.

RANDY GROUNDS, Warden,
Correctional Training Facility-
Soledad,

    Respondent.

No. C-12-0033 TEH (PR)

ORDER TO SHOW CAUSE

Petitioner has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a March 29, 2010 denial of parole by the Board of Parole Hearings ("BPH"), and the related deferral of his next parole hearing for a five year period. Doc. #1.

I

According to the Petition, Petitioner is serving a sentence of 15 years to life, plus a one year weapon enhancement, on a 1988 conviction of second degree murder. His petition does not challenge the conviction but, as noted above, challenges as a

violation of the Ex Post Facto Law both the BPH's March 29, 2010 decision finding him not suitable for parole, and the BPH's related deferral of his next parole hearing for a five year period.

Specifically, Petitioner argues that Marsy's Law (also known as Proposition 9), which was enacted on December 15, 2008, was applied during his 2010 parole hearing which violated the Ex Post Facto Clause by shifting the "burden of proof and quantum of proof" required to demonstrate parole eligibility. Doc. #1 at 5. Petitioner argues that, prior to the passage of Marsy's Law, there was a presumption that a prisoner was suitable for parole upon reaching his minimum eligible parole date (id. at 10-11) and the burden of proof lay with the Board of Parole Hearings to demonstrate by a preponderance of the evidence that the prisoner was unsuitable for parole (id. at 11, 14). According to Petitioner, Marsy's Law eliminated the presumption of parole suitability and shifted the burden of proof to the prisoner, who is now required to prove his parole suitability by clear and convincing evidence. Id. at 10-11, 14.

Petitioner also appears to challenge the five-year deferral of his next parole hearing as a violation of the Ex Post Facto Law. Doc. #1 at 15. According to Petitioner, prior to the passage of Marsy's Law, the BPH had to justify a multiple year deferral of the next parole hearing. Under Marsy's Law, the BPH is required to defer the subsequent parole hearings for fifteen years unless it can justify a shorter deferral period. Id.

//
//

2

**II**

A "federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" Swarthout v. Cooke, 131 S. Ct. 859, 861 (2011) (per curiam) (citations omitted).

The United States Constitution prohibits the federal government and the states from passing any "ex post facto Law." U.S. Const., Art. I, § 9, cl. 3 (federal government); Art. I, § 10, cl. 1 (states). These clauses prohibit the government from enacting laws with certain retroactive effects: any law that (1) makes an act done before the passing of the law, which was innocent when done, criminal; (2) aggravates a crime or makes it greater than it was when it was committed; (3) changes the punishment and inflicts a greater punishment for the crime than the punishment authorized by law when the crime was committed; or (4) alters the legal rules of evidence and requires less or different testimony to convict the defendant than was required at the time the crime was committed. See Stogner v. California, 539 U.S. 607, 611-12 (2003) (citing Calder v. Bull, 3 U.S. 386 (1798)). Petitioner argues that Marsy's Law alters the burden of proof and quantum of proof required to demonstrate parole eligibility in violation of the fourth category of law prohibited by the Ex Post Facto Clause. However, the fourth category focuses on the legal rules of evidence required to *convict* the defendant. It does not address the requirements for parole eligibility.

However, the Supreme Court in Garner v. Jones, 529 U.S.

**3**

244 (2000), provided two methods for a prisoner to attack a parole change under the Ex Post Facto Clause.  First, the prisoner could show the new rule by its own terms shows a significant risk of increasing punishment for the crime.  <u>Id</u>. at 255.  If such a facial challenge fails, the second way to establish an Ex Post Facto violation is for the prisoner to "demonstrate, by evidence drawn from the rule's practical implementation by the agency charged with exercising discretion, that its retroactive application will result in a longer period of incarceration than under the earlier rule."  <u>Id</u>.  A new state law that simply alters "'the method to be followed' in fixing a parole release date under identical substantive standards" is not enough.  <u>See</u> <u>California Dep't of Corrections v. Morales</u>, 514 U.S. 499, 507-08 (1995); <u>cf.</u> <u>Johnson v. Gomez</u>, 92 F.3d 964, 967 (9th Cir. 1996) (retroactive application of law that transfers final decision on parole from Board of Prison Terms to governor does not violate Ex Post Facto Clause).

Liberally construed, Petitioner's first claim appears cognizable under 28 U.S.C. § 2254 and merits an Answer from Respondent.  <u>See</u> <u>Zichko v. Idaho</u>, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe <u>pro se</u> petitions for writs of habeas corpus liberally).  Prevailing on Petitioner's second claim will likely be very difficult, but this claim is not patently meritless and also warrants a response.  <u>Cf.</u> <u>Gilman v. Schwarzenegger</u>, 638 F.3d 1101, 1108-11 (9th Cir. 2011).

### III

For the foregoing reasons and for good cause shown,

1.  The Clerk shall serve by certified mail a copy of

**4**

this Order and the Petition, and all attachments thereto (i.e., Doc. #1), on Respondent and Respondent's attorney, the Attorney General of the State of California.  The Clerk also shall serve a copy of this Order on Petitioner.

2.   Respondent shall file with the Court and serve on Petitioner, within sixty (60) days of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the Answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the Petition.

If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within thirty (30) days of his receipt of the Answer.

3.   In lieu of an Answer, Respondent may file a Motion to Dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an Opposition or Statement of Non-Opposition within thirty (30) days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a Reply within fifteen (15) days of receipt of any Opposition.

//
//
//
//

5

4.	Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel.  Petitioner also must keep the Court and all parties informed of any change of address.

IT IS SO ORDERED.

DATED	*05/04/2012*

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\HC.12\Davis-12-0033-osc.wpd