IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WAYNE DAVIS, | No. C-12-0033 TEH (PR) |
| Petitioner, | ORDER GRANTING MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY |
| v. | |
| RANDY GROUND, Warden, | (Doc. #5) |
| Respondent. | |

Petitioner, a state prisoner incarcerated at Soledad State Prison in Soledad, California, has filed a pro se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a 2010 decision by the California Board of Parole Hearings ("Board") which determined that Petitioner was unsuitable for parole. Respondent has filed a motion to dismiss the petition as untimely under 28 U.S.C. § 2244(d) and for failure to exhaust state remedies. Petitioner filed an opposition. Respondent has not filed a reply. For the reasons stated below, Respondent's motion to dismiss is GRANTED.

I

On February 17, 1988, Petitioner was sentenced in Los Angeles County Superior Court to fifteen years to life plus one year for a weapon enhancement following his guilty plea to second degree murder. Doc. #1 at 2. On March 29, 2010, the Board found Petitioner unsuitable for parole, and deferred his next parole

hearing for five years pursuant to Proposition 9.[1] Doc. #1 at 8. On November 15, 2010, Petitioner filed a petition for a writ of habeas corpus challenging the Board's decision in Los Angeles County Superior Court. On January 21, 2011, the superior court denied the petition.

On September 8, 2011, Petitioner filed a petition for a writ of habeas corpus in the state Court of Appeal alleging the following two claims: (1) the Board violated his due process rights under the California Constitution by finding him unsuitable for parole absent some evidence of current dangerousness; and (2) the Board's application of Proposition 9 violated his rights under Ex Post Facto clauses of the California and United States constitutions. On September 21, 2011, the Court of Appeal denied review.

On September 25, 2011, Petitioner filed a petition for review in the California Supreme Court alleging the Ex Post Facto claim. On November 2, 2011, the California Supreme Court denied the petition for review.

On December 19, 2011,[2] Petitioner filed the instant federal Petition for a Writ of Habeas Corpus asserting the Ex Post Facto claim.

---

[1] Proposition 9, also known as "Marsy's Law," significantly amended the law governing the availability and frequency of parole hearings. Gilman v. Schwarzenegger, 638 F.3d 1101, 1104 (9th Cir. 2011).

[2] Pursuant to the mailbox rule, the Court deems Petitioner's habeas petitions filed on the date he signed them and provided them to prison officials for mailing as shown on the proofs of service. Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003). Therefore, although the Court's docket indicates that the federal petition was filed on January 4, 2012, under the mailbox rule, it was filed on December 19, 2011.

II

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996, and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which:

> (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review;
>
> (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing;
>
> (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or
>
> (D) the factual predicate of the claim could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Section 2244's one-year limitations period applies to all habeas petitions filed by persons in "custody pursuant to the judgment of a State court," even if the petition challenges a pertinent administrative decision rather than a state court judgment. Shelby v. Bartlett, 391 F.3d 1061, 1063 (9th Cir. 2004) (quoting 28 U.S.C. § 2244(d)(1)). For prisoners challenging administrative decisions such as the revocation of good time credits or the denial of parole, section 2244(d)(1)(D) applies. Id. at 1066.

Under section 2244(d)(1)(D), the one-year limitations period starts on the date upon which "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The time begins "when the

3

prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2000) (internal quotation marks omitted); see Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir. 2003) (limitations period began to run when the Board denied prisoner's administrative appeal challenging denial of parole).

## III

### A

The parties first dispute the commencement date of AEDPA's one-year limitations period. Petitioner argues that the limitations period began to run on the date the Board's initial decision became final, which he defines as 150 days after the Board issued its initial decision. Doc. #8 at 4. Respondent counters that the one-year limitations period began on March 29, 2010, the date of the Board's initial decision, because Petitioner was present at the hearing and thus was aware of the factual predicate of his claim. Doc. #5 at 2. The Court concludes that neither party is correct.

In Redd v. McGrath, the Ninth Circuit held that, for the purposes of § 2244(d)(1)(D), a petitioner learns of the factual predicate of his claim on the date the Board's decision became final, which is the date that the decision is no longer subject to further administrative review by the Board. Redd, 343 F.3d at 1082-83, 1085. The Redd court concluded that the petitioner could have learned of the factual predicate of his claim through the exercise of due diligence when the Board denied his administrative appeal. Id. at 1082-84.

4

In 2003, when Redd was decided, California prisoners could challenge the Board's adverse parole decision by seeking an administrative appeal from a final decision of the Board. Van Houten v. Davison, 2009 WL 811596, at *5 (C.D. Cal 2009).  In 2004, however, the California Legislature abandoned the administrative grievance procedure.  Id.  Currently, a Board's initial decision is considered a "proposed decision" that is subject to internal administrative review by the Board's chief counsel or a designee for a 120-day period following the hearing. Cal. Code Regs. tit. 15, §§ 2041(a), (h); 2043.  In the absence of any intervening change or modification by the Board's chief counsel or designee, the proposed decision becomes final on the 120th day following the date of the hearing decision.  Id.

Consequently, because the 120-day provision in the California Code of Regulations replaced the Board's administrative appeal process in effect at the time of Redd, the Board's decision now becomes final 120 days after the date it issues its initial decision.  Thus, Petitioner became aware of the factual predicate of his claim on July 27, 2010, 120 days after the Board issued its initial decision.  See Riley v. Hartley, 2010 WL 2556832 at *15 (E.D. Cal. 2010) (summarizing many cases holding that Board's decision becomes final 120 days after Board issues its initial decision).  Significantly, although the Board denied Petitioner's parole on March 29, 2010, the parole decision itself stated that it would not be final until July 27, 2010, which is 120 days after Petitioner's hearing.  Doc. #1 at Exh. 1, page 28.  Thus, the Board's decision became final on July 27, 2010, and the limitations period for

Petitioner's claim began to run the next day, July 28, 2010. See Shelby, 391 F.3d at 1066 (statute of limitation begins to run the day after Board's decision becomes final).

Petitioner relies on a December 12, 2007 magistrate judge's order in Van Houten, CV 07-5256-AG (AN), to argue that he is entitled to thirty extra days for gubernatorial review before the statute of limitations commenced. The governor is granted a thirty-day period to reverse or modify a parole decision after the Board's decision becomes final. Cal. Penal Code § 3041.2(a); Van Houten, 2009 WL 811596, at *8; see also Mayberry v. Hartley, 2010 WL 2902507, at *2 (E.D. Cal. 2010).

Petitioner's argument, however, is inconsistent with the holding in Redd and the statutory language. As discussed above, under Redd, the date Petitioner became aware of the factual predicate of his claim is the date that the Board's decision is no longer subject to the Board's administrative review. The governor's discretionary review does not change the underlying factual predicate giving rise to Petitioner's claim. Van Houten, 2009 WL 811596 at *8; see also Mayberry, 2010 WL 2902507 at *2. Petitioner's reliance on the Van Houten magistrate judge's order is misplaced. The magistrate judge's order has been superseded by the later district court decision holding that the extra thirty days for gubernatorial review are unrelated to the administrative finality of the Board's decision. See Van Houten, 2009 WL 811596 at *8.

Thus, the one-year limitations period for Petitioner's federal petition began to run on July 28, 2010, the day after the Board's decision became final and the federal petition was due on

July 27, 2011.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (adopting "anniversary method;" absent tolling, the expiration date of the limitation period will be the same date as the triggering event but in the following year). Petitioner did not provide his instant petition to prison officials for mailing until December 19, 2011.  Therefore, the petition is time-barred unless Petitioner is entitled to statutory or equitable tolling.

B

AEDPA's one-year limitations period may be tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2). An application is "pending" until it has achieved final resolution through the state's post conviction procedures.  Carey v. Saffold, 536 U.S. 214, 220 (2002).

The parties dispute the time during which the petition was "pending."  Petitioner contends that he is entitled to statutory tolling for the 230 days between the date the state superior court denied his petition and the date he filed his petition in the Court of Appeal.  Respondent argues that the 230 days constituted an unjustified, unexplained and unreasonable delay and, therefore, Petitioner is not entitled to tolling for this time period.  For the reasons discussed below, the Court agrees with Respondent.

A state petition is "pending" only if it is filed within a "reasonable time."  Carey, 536 U.S. at 221; Evans v. Chavis, 546 U.S. 189, 192 (2006).  To determine whether a

7

petition was "pending," a federal court must determine whether a petitioner "delayed 'unreasonably' in seeking [higher state court] review." Carey, 536 U.S. at 225. Thus, the time between a lower court decision and a filing of a new petition in a higher court is treated as time the petition is "pending" as long as the petitioner did not "unreasonably delay" in seeking review. Id. at 221-23; accord Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

The Supreme Court has stated that the reasonableness standard in California should be interpreted under the assumption that it "does not lead to filing delays substantially longer than those in States with determinate timeliness rules." Evans, 546 U.S. at 200. The benchmark set forth in Evans is thirty to sixty days, the time that most States provide for filing an appeal. Id. at 200 (quoting Carey, 536 U.S. at 219).

In Evans, the Court held that an unexplained six-month delay between post-conviction applications in California is not "reasonable" and therefore does not fall within the meaning of "pending" under Carey. Evans, 546 U.S. at 201. Following Evans, the Ninth Circuit has held that delays substantially longer than the "thirty to sixty day" benchmark were unreasonable. See e.g., Velasquez v. Kirkland, 639 F.3d 964, 968 (9th Cir. 2011) (concluding that delays of ninety-one and eighty-one days between state habeas petitions was unreasonable); Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010) (finding delays of 115 and 101 days between California habeas petitions unreasonable); Livermore v. Sandor, 487 Fed. Appx. 342, 243-44 (9th Cir. 2012) (unpublished memorandum disposition) (delay of seventy-six days

between state habeas petitions is unreasonable).

Here, Petitioner's unexplained delay of 230 days is substantially longer than the thirty to sixty day bench mark set forth in Evans. A delay of 230 days, when only thirty or at most sixty days is normally allotted, is not reasonable. Petitioner's reliance on Espinoza v. Schwarzenegger, 2010 WL 231380, at *2-3 (E.D. Cal. 2010), which concluded that five-month and eight-month delays between state court petitions were reasonable, is called into question by the later Ninth Circuit decisions Velasquez and Chaffer, which found delays of 172 days and 216 days to be unreasonable. Because Petitioner's unexplained 230-day delay between state court filings substantially exceeds the Evans benchmark of thirty to sixty days and also exceeds the delays the Ninth Circuit has found to be unreasonable, he is not entitled to statutory tolling for this time period.

The time intervals between Petitioner's state habeas petitions are as follows. Between July 28, 2010, when the one-year limitations period began to run, and November 15, 2010, the date Petitioner filed his state habeas petition in the superior court, 110 days passed. Sixty-seven days were tolled while the petition was pending in the superior court. Between January 21, 2011, the date the superior court denied Petitioner's petition, and September 8, 2011, the date Petitioner filed his state habeas petition in the California Court of Appeal, 230 days expired. Thirteen days were tolled while the petition was pending in the Court of Appeal. Between September 21, 2011, the date the Court of Appeal denied the petition and September 25, 2011, the date Petitioner filed his petition in the California Supreme Court,

four days were tolled. Thirty-eight days were tolled while the petition was pending in the California Supreme Court. Finally, between November 2, 2011, the date the California Supreme Court denied the petition, and December 19, 2011, the date Petitioner filed the instant petition, forty-seven days of the limitations period expired.

In sum, a total of 509 days elapsed between the commencement of the limitations period and the filing of the federal petition. During this period, 122 days were tolled. After deducting 122 tolled days, the petition was filed 387 days after the one-year statute of limitations commenced, or twenty-two days too late. Thus, the petition is untimely, unless Petitioner is entitled to equitable tolling.

C

The AEDPA one-year limitations period may be subject to equitable tolling in limited circumstances. See Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). Equitable tolling is applicable only "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Roy v. Lampert, 455 F.3d 945, 950 (9th Cir. 2006) (quoting Beeler, 128 F.3d 1283, 1288 (9th Cir. 1997)). To qualify for equitable tolling, a petitioner must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. Holland, 130 S. Ct. at 2560. The petitioner must also show that the extraordinary circumstance were the cause of his untimeliness. Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010).

Petitioner is not entitled to equitable tolling because he does not present any grounds, nor are any apparent in the record, for such tolling. Accordingly, Respondent's motion to dismiss the petition as untimely must be granted.

Because the petition is untimely, the Court need not address Respondent's alternate argument that Petitioner failed to exhaust his Ex Post Facto claim in the state courts.

IV

For the foregoing reasons, Respondent's motion to dismiss the petition is GRANTED. Doc. #5. Further, a certificate of appealability will not issue because Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has not shown that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 478 (2000).

The Clerk is directed to terminate any pending motions as moot and close the file.

IT IS SO ORDERED.

DATED: 03/07/2013

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\HC.12\Davis12-0033DIS SOL.wpd